UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MINERVA J. YONTS AND | ) | |
| MINERVA J. YONTS AS EXECUTRIX | ) | |
| OF THE HAROLD R. YONTS ESTATE, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 1:21-cv-2726 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| ROBERT GOODIN, & THE UNITED | ) | |
| STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:   The Honorable Judge of the United States District Court for the Southern District of Indiana

Defendants the United States of America and the United States Postal Service (USPS), by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, by Lara Langeneckert, Assistant United States Attorney, respectfully notify the Court and the parties that the civil action *Minerva J. Yonts and Minerva J. Yonts as Executrix of the Harold R. Yonts Estate v. Robert Goodin & the United States Postal Service*, now pending in the Hancock Circuit Court, Case No. 30C01-2109-PL-001323, is removed therefrom to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2), in accordance with 28 U.S.C. § 1446 and Southern District of Indiana Local Rule 81-2.   In support of this Notice of Removal, Defendant states as follows:

1.      On or about September 15, 2021, Plaintiff commenced this action in the Hancock Circuit Court by filing a Complaint against the United States Postal Service ("USPS") and its employee Robert Goodin as Defendants, alleging that Goodin "was negligent in that he failed to

maintain proper control of his vehicle, which loss of control proximately caused Plaintiffs personal injury, medical expenses, physical pain and suffering." Dkt. 1-2 at 1 (Exhibit B – Operative Complaint). The United States is presently unaware whether USPS or Goodin have been properly served with the Complaint, but USPS received informal notice of the Complaint on or about September 28, 2021.

2.      The Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (codified at 28 U.S.C. § 2679), commonly known as the Westfall Act, states, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed* without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. *Such action or proceeding shall be deemed to be an action or proceeding brought against the United States* under the provisions of this title and all references thereto, and *the United States shall be substituted as the party defendant.* This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

*Id.* § 2679(d)(2) (emphases supplied); *see also* 28 C.F.R. § 15.4(a) ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.").

3.      On October 27, 2021, pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4(a), the Acting United States Attorney certified that Defendant Robert Goodin was acting within the scope of his employment with USPS at the time of the incident out of which the claim against him arose. Dkt. 1-3 at 1 (Exhibit C – Certification of Scope of Employment). Plaintiff's allegations are fully

consonant with this certification:   he claims "[t]hat Defendant Robert Goodin was in the employ

of the United State [sic] Postal Service at the time of the accident, in the course of his employment

and driving a United States Postal Service titled vehicle."   Dkt. 1-2 at 1.

4.   Removal of this case is therefore appropriate pursuant to 28 U.S.C. § 1442(a)(1),

which provides in relevant part:

> A civil action . . . that is commenced in a State court and that is
> against or directed to any of the following may be removed by them
> to the district court of the United States for the district and division
> embracing the place wherein it is pending:   (1) The United States
> or any agency thereof or any officer (or any person acting under that
> officer) of the United States or of any agency thereof, in an official
> or individual capacity, for or relating to any act under color of such
> office or on account of any right, title or authority claimed under any
> Act of Congress for the apprehension or punishment of crimes.

Section 1442(a)(1) removals are governed by the procedures in 28 U.S.C. § 1446.

5.   Defendant USPS is an "agency . . . of the United States" and state court actions

against it are removable under Section 1442.   39 U.S.C. § 409(a) ("Any action brought in a State

court to which the Postal Service is a party may be removed to the appropriate United States district

court under the provisions of chapter 89 of title 28.").   And because the Acting United States

Attorney has certified that Defendant Goodin was acting within the scope of his employment with

USPS at the time of the incident out of which the claim against him arose, the Westfall Act

provides that the United States is automatically substituted for him as a party defendant, and

Plaintiff's civil action is, therefore, "against or directed to . . . the United States."   28 U.S.C.

§ 1442(a)(1); *see also Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011) ("the policy behind the

federal removal statute—ensuring that federal defenses raised by federal actors evaluated in a

federal forum—'should not be frustrated by a narrow, grudging interpretation' of [28 U.S.C.

§ 1442]") (citing *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).   Removal therefore is proper

3

under Section 1442(a)(1) with respect to both Defendants.

6.    The requirements of Section 1446 are met.   Removal is timely under 28 U.S.C. § 1446(b)(1) because USPS received a copy of the Complaint on September 28, 2021, which is 30 or fewer days prior to the date of removal.

7.    Furthermore, the Westfall Act requires that, based on the Acting United States Attorney's certification, Plaintiff's claims against Defendant Goodin "shall be removed" and that "the United States shall be substituted as the party defendant."   28 U.S.C. § 2679(d)(2); *accord Osborn v. Haley*, 549 U.S. 225, 241 (2007) ("If the action is launched in a state court, and the Attorney General makes the same certification, the action "shall be removed" to the appropriate federal district court, and again the United States must be substituted as the defendant" (quoting 28 U.S.C. § 2679(d)(2))); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *see also* 28 U.S.C. § 1346(b)(1) ("the district courts . . . shall have *exclusive jurisdiction of civil actions* on claims against the United States. . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" (emphasis added)); 28 U.S.C § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office o employment *is exclusive of any other civil action* . . . ." (emphasis added)).

8.    Removal pursuant to Section 2679(d)(2) may be "at any time before trial," regardless of when the Complaint was filed in state court or when any of the state-court defendants received a copy of the Complaint.   *See also Osborn*, 549 U.S. at 241.   There has been no trial in

the Hancock Circuit Court in this action.  Dkt. 1-1 at 1–2 (Exhibit A, State Court Record).

Removal of the claim against Defendant Goodin on this basis, therefore, is timely.

9.      Pursuant to S.D. Ind. Local Rule 81-2(a), the State Court Record (Docket Sheet,

Appearance by Attorney in Civil Case, Complaint, Summons, Summons) from the Hancock

Circuit Court, Case 30C01-2109-PL-001323, is attached to this Notice of Removal as Exhibit A

(Dkt. 1-1).  Pursuant to 28 U.S.C. § 1446(a) and S.D. Ind. Local Rule 81-2(c), a copy of the

Operative Complaint in this lawsuit is attached to this Notice of Removal as Exhibit B (Dkt. 1-2).

10.     A Notice of Filing of Notice of Removal, as well as a copy of this Notice of

Removal, will be filed in the Hancock Circuit Court.

11.     This Notice of Removal is signed and filed in accordance with the certification

provisions of Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants respectfully remove this action from the Hancock Circuit

Court to the Indianapolis Division of the United States District Court for the Southern District of

Indiana pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).   By operation of law, Defendant the

United States has been substituted for Defendant Robert Goodin, 28 U.S.C. § 2679; accordingly,

the Defendants respectfully request that Defendant Robert Goodin be removed as a defendant from

the caption and docket of this case.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By:     s/ *Lara Langeneckert*
        Lara Langeneckert
        Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

I further certify that on October 27, 2021, a copy of the foregoing was mailed, by certified U.S. Mail, postage prepaid and properly addressed to the following:

      Edward L. Walter
      Pritzke & Davis, LLP
      728 N. State Street
      Greenfield, IN 46140
      317-462-3434

                                    s/ *Lara Langeneckert*
                                    Lara Langeneckert
                                    Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN   46204
(317) 226-6333