UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MINERVA J. YONTS, <br> MINERVA J. YONTS as Executrix of the <br> Harold R. Yonts Estate, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> ROBERT GOODIN, <br> UNITED STATES POSTAL SERVICE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:21-cv-02726-JPH-DML <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Minerva Yonts[1] brought this suit against Robert Goodin and the United States Postal Service alleging that Mr. Goodin's negligent operation of a postal vehicle caused an accident that injured Mrs. Yonts and her late husband, Harold Yonts. After the complaint was filed in an Indiana state court, the United States removed the case to this Court and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). In response, Mrs. Yonts moved to amend her complaint. For the reasons that follow, the United States's motion to dismiss is **GRANTED**, dkt. [5], and the motion to amend is **DENIED**, dkt. [9].

**I.
Facts and Background**

---

[1] Mrs. Yonts brings this case both in her individual capacity and as Executrix of the Harold R. Yonts Estate. When the Court refers to Mrs. Yonts in this Order, it is referring to both.

Because Defendants have moved for dismissal under Rule 12(b)(1), the Court accepts the facts in the complaint as true. *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

On September 19, 2019, Mr. and Mrs. Yonts were injured in an accident in Hancock County, Indiana, when Mr. Goodin "failed to maintain proper control of" a USPS vehicle. Dkt. 1-2 at ¶ 4. Mr. Goodin was acting within the course of his employment with USPS at the time of the accident. *Id.* at ¶ 5.

In September 2021, Mrs. Yonts filed this state law negligence action in the Hancock Circuit Court against Mr. Goodin and USPS seeking damages for personal injury, medical expenses, and physical pain and suffering. *Id.*[2] On October 27, 2021, the United States Attorney certified that Mr. Goodin was acting in the scope of his employment with USPS at the time of the accident, so the United States was substituted as a defendant under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, commonly referred to as "the Westfall Act". *See* dkt 1 at 3, dkt. 1-3. Also on October 27, 2021, the United States removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act. Dkt. 1. The United States attached a copy of the certification to the notice of removal. Dkt. 1-3.

The United States then moved to dismiss the case, arguing that the Court lacks subject-matter jurisdiction under the doctrine of derivative

---

[2] Mr. Yonts has passed away since the event giving rise to this action. Dkt 1-1 at 5.

2

jurisdiction. Dkt. 5. Mrs. Yonts then filed a motion for leave to amend complaint. Dkt. 9. On June 3, 2022, the Court ordered the United States to provide supplemental briefing. Dkt. 13. The United States has responded. Dkt. 14.

## II.
## Applicable Law

### A. Derivative Jurisdiction

The doctrine of derivative jurisdiction provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020). Once the case is in federal court, a defendant may raise derivative jurisdiction as a "procedural bar to the exercise of federal judicial power" within 30 days of removal. *Id.* at 774. If timely raised, "it results in dismissal without prejudice." *Id.* "The doctrine provides a background rule against which all of the removal statutes operate; it applies unless abrogated." *Rodas v. Siedlin*, 656 F.3d 610, 619 (7th Cir. 2011).

The United States's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 5; dkt. 6. While the doctrine is "jurisdictional" by name, it is a procedural bar that does not affect the federal court's subject-matter jurisdiction. *Ricci*, 976 F.3d at 774 ("[B]ecause derivative jurisdiction counts as a procedural defect, not a subject-matter-jurisdiction defect, it must be made within 30 days of ... removal."). Regardless, under either Rule 12(b)(1) or 12(b)(6), the Court accepts the facts in the complaint as true and draws

inferences in the plaintiff's favor. *Scott Air Force Base*, 548 F.3d at 519; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### III.
### Analysis

The United States argues that the state court lacked jurisdiction over the claim against Mr. Goodin because tort claims against federal officers must be brought under the Federal Tort Claims Act, over which federal courts have exclusive jurisdiction. Dkt. 6 at 2–5. Mrs. Yonts responds that the state court had jurisdiction over the claim brought against Mr. Goodin individually. Dkt. 10.[3]

The United States removed that claim under the Westfall Act, 28 U.S.C. § 2679(d)(2), and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Dkt. 1 at 2–3 ¶¶ 3–4. Derivative jurisdiction "provides a background rule against which all of the removal statutes operate; it applies unless abrogated." *Rodas*, 656 F.3d at 619. Congress has not abrogated the doctrine with respect to Westfall Act or federal officer removals. Under the doctrine of derivative jurisdiction, Mrs. Yonts's claim against Mr. Goodin must therefore be dismissed without prejudice if the state court lacked jurisdiction over it at the time of removal.

The Westfall Act gives federal employees "absolute immunity from . . . tort claims arising out of acts they undertake in the course of their official

---

[3] The state court never had jurisdiction over the claim against USPS, and that claim was **dismissed without prejudice**, dkt. 13 at 2 n.1, so the case now involves only the claim against the United States, as substituted for Mr. Goodin individually.

duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). "When a federal employee is sued, the Westfall Act empowers the Attorney General to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question." *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007); 28 U.S.C. § 2679(d)(1). "If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in place of the employee," and "[t]hereafter, the lawsuit is governed by the Federal Tort Claims Act." *Id.* at 891. "If the action was filed in state court, the case must be removed to federal court," *id.*; 28 U.S.C. § 2679(d)(2), because federal courts have exclusive jurisdiction over FTCA claims, 28 U.S.C. § 1346(b)(1); *Osborn*, 549 U.S. at 243 ("Section 2679(d)(2) is operative when the Attorney General certifies scope of employment, triggering removal of the case to a federal forum. At that point, § 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court.").

Here, the United States substituted itself for Mr. Goodin and then removed the case. Dkt. 1 at 2–3 ¶ 3; dkt. 1-3. The moment the United States Attorney certified that Mr. Goodin was acting within the scope of his employment, the Hancock Circuit Court was divested of any jurisdiction over the case. *Osborn*, 549 U.S. at 243; *Alexander*, 484 F.3d 891. And the certification occurred before the case was removed. Dkt. 1 at 2–3 ¶ 3; dkt. 1-3. Because the Hancock Circuit Court had no jurisdiction at the time the notice of removal was filed, "the federal court acquire[d] none upon removal, even

5

though the federal court would have had jurisdiction if the suit had originated" here.  *Ricci*, 976 F.3d at 771; *see Marcum v. McDonough*, No. 1:21-cv-00428-JMS-TAB, 2021 WL 4477815 at *5 (S.D. Ind. Sept. 30, 2021) (finding derivative jurisdiction required dismissal of the complaint).  Under the doctrine of derivative jurisdiction, this Court is procedurally barred from exercising "federal judicial power" over the complaint.  *Ricci*, 976 F.3d at 774.  The motion to dismiss the claim against the United States is, therefore, **GRANTED,** dkt. 5, and the complaint is **dismissed without prejudice**.

"[W]hen a defendant timely raises the derivative jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction, and a plaintiff cannot circumvent that bar by filing an amended complaint invoking federal jurisdiction."  *Ricci*, 976 F.3d at 773.  Here, the United States raised the doctrine and moved to dismiss within *Ricci*'s 30-day window, *see* dkt. 5, so Mrs. Yonts's motion to amend, dkt. 9, must be **DENIED**.

## IV.
## Conclusion

Therefore, the United States's motion to dismiss is **GRANTED**, dkt. [5], and the motion to amend is **DENIED**, dkt. [9].  This case is **dismissed without prejudice**.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 9/21/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov

Edward L. Walter
PRITZKE & DAVIS
ewalter@pritzkeanddavis.com